UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Craig Moskowitz,** *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**50.com Corporation,**<br><br>　　　　　　Defendant. | :<br>:<br>:<br>: Civil Action No.:  3:13-cv-00182<br>:<br>:<br>:  **CLASS ACTION COMPLAINT**<br>:<br>:<br>:<br>: |

Plaintiff, Craig Moskowitz, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.　　Plaintiff, Craig Moskowitz ("Plaintiff"), brings this class action for damages resulting from the illegal actions of 50.com Corporation ("50.com" or "Defendant").  Defendant negligently, knowingly, and/or willfully sent unsolicited advertisements via facsimile to Plaintiff and other similarly situated persons in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

3.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides within the District of Connecticut, a substantial portion of the events or omissions giving rise to the case occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Stamford, Connecticut.

5. Plaintiff has never had a business relationship with 50.com and never consented to be contacted by 50.com via facsimile.

6. 50.com is, and at all times mentioned herein was, a New Jersey business entity headquartered in Mahwah, New Jersey.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. 47 U.S.C. § 227(a)(5) defines an unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

8. 47 U.S.C. § 227(a)(3) defines a telephone facsimile machine as equipment which has the capacity –

    (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or

    (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.

9. Specifically, 47 U.S.C. § 227(b)(1)(C) prohibits the use of any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless there is already an established business relationship.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. In or around November 2012, Defendant began sending unsolicited advertisements to Plaintiff's telephone facsimile machine.

11. Specifically, on or about November 20, 2012, Defendant sent an unsolicited advertisement to Plaintiff's telephone facsimile machine. A copy of the advertisement is attached hereto as <u>Exhibit A</u>.

12. Plaintiff did not provide prior express consent allowing Defendant to send advertisements to Plaintiff's telephone facsimile machine. In fact, although the language of the facsimile deliberately and falsely suggests otherwise, Plaintiff never requested to be contacted by Defendant and had no dealings with Defendant.

13. Plaintiff did not have an established business relationship with Defendant at the time the unsolicited advertisement was sent or received.

## CLASS ACTION ALLEGATIONS

A. <u>The Classes</u>

14. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

15. Plaintiff's proposed Classes are as follows, subject to amendment as appropriate:

> <u>Class Definition.</u> All persons or entities in the United States that are holders of telephone facsimile numbers to which an unsolicited advertisement was sent on behalf of Defendant in which Defendant's goods or services were promoted.
>
> <u>CUTPA Subclass</u>. All persons or entities in the state of Connecticut that are holders of telephone facsimile numbers to which an unsolicited advertisement was sent on behalf of Defendant in which Defendant's goods or services were promoted.

16. Excluded from the Classes are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family

3

members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

B. <u>Numerosity</u>

17. Upon information and belief, Defendant has sent unsolicited advertisements to telephone facsimile numbers belonging to thousands of persons throughout the United States without their prior express consent. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's phone and/or facsimile records.

C. <u>Common Questions of Law and Fact</u>

19. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant sent unsolicited advertisements via telephone facsimile machines to Plaintiff and Class members;

   b. Whether Defendant obtained prior express consent to send each facsimile;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

   d. Whether Defendant is liable for damages, and the amount of such

    **damages; and**

    e. **Whether Defendant should be enjoined from such conduct in the future.**

20. The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends unsolicited advertisements to telephone facsimile machines is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. <u>Typicality</u>

21. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. <u>Protecting the Interests of the Class Members</u>

22. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

F. <u>Proceeding Via Class Action is Superior and Advisable</u>

23. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

24. Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases

include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**
**Negligent Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** ***et seq.***
(On behalf of all Class Members)

25.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

26.     Defendant negligently sent unsolicited advertisements to telephone facsimile numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

27.     Each of the aforementioned facsimile transmissions by Defendant constitutes a negligent violation of the TCPA.

28.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29.     Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**COUNT II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** ***et seq.***
(On behalf of all Class Members)

30.     Plaintiff repeats and realleges the above paragraphs of this

Complaint and incorporates them herein by reference.

31. Defendant knowingly and/or willfully sent unsolicited advertisements to facsimile numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

32. Each of the aforementioned facsimile transmissions by Defendant constitutes a knowing and/or willful violation of the TCPA.

33. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III
### Violation of Connecticut Unfair Trade Practices Act, C.G.S. § 42-110b
(On behalf of CUTPA Subclass)

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. Defendant engaged in a pattern of deceptive and unfair trade practices designed to mislead and injure consumers by sending unsolicited advertisements to facsimile numbers belonging to Plaintiff and the other members of the Subclass without first obtaining their express consent.

37. The aforesaid acts are immoral, unethical, oppressive, deceptive and unscrupulous and, as such, constitute unfair and deceptive trade practices pursuant to Connecticut General Statutes § 42-110b.

38. The aforesaid acts caused substantial injury to Plaintiff and the other

members of the Subclass in the form of an ascertainable loss of money, entitling Plaintiff and the other members of the Subclass to damages under Connecticut General Statutes § 42-110g.

39. By virtue of the foregoing, Plaintiff and the members of the Subclass are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
4. Treble damages pursuant to Conn. Gen. Stats. §§ 52-564;
5. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and
6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: February 7, 2013**

                **Respectfully submitted,**

                **By   /s/ Sergei Lemberg**

                **Sergei Lemberg, Esq.**
                **LEMBERG & ASSOCIATES L.L.C.**
                **1100 Summer Street, 3rd Floor**
                **Stamford, CT 06905**
                **Telephone: (203) 653-2250**
                **Facsimile:   (203) 653-3424**
                **Attorney for Plaintiff**